UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DALE DEASON, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SUPER MICRO COMPUTER, INC., et al.,<br><br>　　　　　Defendants. | Case No. 5:15-cv-04049-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 36 |

Plaintiff Dale Deason brings federal securities claims against Defendant Super Micro Computer, Inc. and two of its executives, Defendants Charles Liang and Howard Hideshima. Defendants move to dismiss for failure to state a claim. Defendants' motion will be granted with leave to amend.

**I.　BACKGROUND**

Super Micro is a public company that develops "high-performance server solutions based on modular and open-standard architecture." Consolidated (Amended) Complaint ("CAC") ¶¶ 2, 22, Dkt. No. 35.

Case No.: 5:15-cv-04049-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
1

On August 31, 2015, Super Micro announced that it would take an extension of time to file its Form 10-K for its Fiscal Year 2015. Id. ¶¶ 48–50. The reason for the delay was that Super Micro "recently discovered certain irregularities regarding certain marketing expenses" and it needed time to investigate. Id. Deason filed his complaint four days later. Super Micro filed its Form 10-K on September 10, 2015. Id. ¶ 51.

On November 10, 2015, Super Micro announced that it would take an extension of time to file its Form 10-Q for its First Quarter 2016. Id. This delay occurred because Super Micro determined "that certain contracts for product extended warranties were recorded as revenue in prior periods instead of being deferred and amortized over the contractual periods." Defs.' Mot. to Dismiss ("MTD") 2, Dkt. No. 36. Super Micro filed its Form 10-Q on November 16, 2015. Deason filed his amended complaint on April 1, 2016.

Deason alleges that Super Micro made false and misleading statements in violation of Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 ("Exchange Act"). Defendants now move to dismiss under Fed. R. Civ. P. 12(b)(6).

## II. LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III. DISCUSSION

To state a claim under Section 10(b) of the Exchange Act, a plaintiff must allege: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the

Case No.: 5:15-cv-04049-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
2

misrepresentation or omission; (5) economic loss; and (6) loss causation." Amgen Inc. v. Connecticut Ret. Plans & Trust Funds, 568 U.S. 455, 460–61 (2013).

"A statement is misleading if it would give a reasonable investor the impression of a state of affairs that differs in a material way from the one that actually exists." Berson v. Applied Signal Tech., Inc., 527 F.3d 982, 985 (9th. Cir. 2008).

Deason alleges that Super Micro "misrepresented the Company's financial statements for the first quarter of 2016" based on the errors discussed above involving marketing expenses and warranty accounting. Pl.'s Opp'n to Def.'s Mot. to Dismiss 8 ("Opp'n"), Dkt. No. 39. For instance, he alleges that Super Micro's "financial statements were rendered false by the effect of the extended-warranty issue over the Company's three prior fiscal years." Id. To support these claims, he points to an August 4, 2015, statement in which Super Micro issued guidance to investors for the first quarter of 2016, indicating that it "expects net sales of $520 million to $580 million" during that quarter. CAC ¶ 40. After discovering internal "errors," however, Super Micro issued revenue and profit warnings for the first quarter of 2016 based on, among other factors, "expenses associated with our previously disclosed review of certain marketing expenses." Opp'n 5. Super Micro revised its guidance to state that its revenues for that period would be "in the range of $529 million to $530 million." Id. Super Micro later acknowledged that its "disclosure controls and procedures were not effective, and were not operating at the reasonable assurance level as of December 31, 2015." Id. at 6.

Super Micro argues that Deason has failed to establish that any of its statements contained misrepresentations. MTD 10. Super Micro argues that its auditors determined that there was no need to restate past revenue and earnings reports, even though those reports were based on potentially erroneous accounting. Id. "Without a restatement," Super Micro argues, "there are no false or misleading statements." Id.; see also Turner v. MagicJack VocalTec, Ltd., No. 13 Civ. 0448, 2014 WL 406917 (S.D.N.Y. Feb. 3, 2014) (holding that plaintiffs did not plead falsity where "there has been no restatement, [defendant's] auditor issued opinions that the financial statements were prepared in accordance with GAAP, and [defendant] and its auditors support the

Case No.: 5:15-cv-04049-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
3

accounting position in the financial statements," and granting defendants' motion to dismiss). As Super Micro points out, the CAC does not allege that Super Micro was required "to issue a restatement rather than record the effect of the extended warranty issue as a current period adjustment." MTD 10. Nor does the CAC dispute "the determination by Super Micro and Deloitte that the effect on past periods was immaterial and did not require a restatement." Id. Moreover, Deason has not explained in sufficient detail how the past reports were inaccurate. See In re Daou Sys., Inc., 411 F.3d 1006, 1016 (9th Cir. 2005) ("the complaint must describe the violations with sufficient particularity; 'a general allegation that the practices at issue resulted in a false report of company earnings is not a sufficiently particular claim of misrepresentation' "); see also Mot. 10 ("The CAC does not allege the 'true' financial statements Super Micro was required to report in each quarter.").

The Court finds that Deason has not established that Super Micro made a material misrepresentation or omission. See Amgen, 568 U.S. at 460–61. As such, Deason has failed to state a claim under Section 10(b) of the Exchange Act, and his complaint must be dismissed.

## IV. CONCLUSION

Super Micro's motion to dismiss is GRANTED with leave to amend. Deason shall file an amended complaint by December 1, 2017.

**IT IS SO ORDERED.**

Dated: September 29, 2017

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-04049-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
4